Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000874
31-JUL-2013
08:00 AM

CAAP-12-0000874

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF TW

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 08-11821)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

The Family Court of the First Circuit (Family Court)[1] terminated the parental rights of Mother-Appellant (Mother) over her child, TW, pursuant to the "Order Awarding Permanent Custody and Establishing a Permanent Plan" filed on October 18, 2012. On appeal, Mother contends that: (1) the Family Court erred in determining that even with the assistance of a service plan, Mother was not presently able to provide TW with a safe family home and that it was not reasonably foreseeable that Mother would become able to provide TW with a safe family home within a reasonable period of time;[2] and (2) the Department of Human Services (DHS) did not make reasonable efforts to reunify Mother with TW. We affirm.

---

[1] The Honorable Matthew J. Viola presided over the proceedings at issue in this appeal.

[2] Mother challenges numerous findings of fact made by the Family Court in support of this determination.

I.

In May 2008, the DHS filed a petition for temporary custody regarding TW, in which it alleged that Mother had been leaving TW, who was then eight months old, for extended periods of time with a seventeen-year-old female who was not an appropriate caregiver. Mother's parental rights over TW's three older siblings had previously been terminated. Mother contested the petition for temporary foster custody regarding TW and participated in the trial on the petition. After the Family Court granted the DHS's petition, Mother appeared at numerous subsequent review hearings scheduled by the Family Court and was an active participant in the proceedings. However, when Mother failed to appear (her first such failure) at a "review/MPC" hearing on December 22, 2009, the Family Court defaulted Mother, granted the DHS's motion for permanent custody, and terminated Mother's parental rights. The Family Court also denied Mother's subsequent motion to set aside the default.

Mother appealed, and this court held that the Family Court abused its discretion in entering default against Mother and in terminating her parental rights based on her single non-appearance at the December 22, 2009, hearing. In re TW, 124 Hawai'i 468, 474, 248 P.3d 234, 240 (App. 2011). We vacated the order terminating Mother's parental rights and remanded the case to give Mother the opportunity to contest the DHS's permanent custody motion on the merits. Id. at 475, 248 P.3d at 241.

On remand, the DHS again sought permanent custody and the termination of Mother's parental rights. The Family Court held a trial on the DHS' motion for the award of permanent custody on August 6, 2012, and October 2, 2012. On October 18, 2012, the Family Court filed its "Order Awarding Permanent Custody and Establishing a Permanent Plan," which terminated Mother's parental rights over TW. This appeal followed.

2

II.

We resolve Mother's arguments on appeal as follows:

1.   The Family Court did not err in determining that even with the assistance of a service plan, Mother was not presently able to provide TW with a safe family home and that it was not reasonably foreseeable that Mother would become able to provide TW with a safe family home within a reasonable period of time.   The DHS presented evidence that Mother had unresolved substance abuse and mental health issues that rendered her unable to provide a safe family home for TW, and that she lacked the insight and motivation to successfully address these issues. This included evidence that Mother had a history of substance abuse; used methamphetamine in 2011 while pregnant with TW's half-sibling; used illegal substances to cope with stress, including after the first day of trial on August 6, 2012; repeatedly failed to successfully complete drug testing programs; has a history of suffering from serious mental health issues, including depression; and had made minimal progress in her mental health therapy, minimized her mental health issues, was not motivated, was not taking medication, and had a prognosis that was poor.   In addition, Mother testified that she could not presently provide TW with a safe family home because she was living in a shelter and that she did not believe she had substance abuse, mental health, or parenting problems.   We conclude that there was substantial evidence to support the Family Court's determination that Mother was not presently able, and it was not reasonably foreseeable that Mother would become able within a reasonable period of time, to provide TW with a safe family home, even with the assistance of a service plan. See In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001); In re Doe, 103 Hawaiʻi 130, 135, 80 P.3d 20, 25 (App. 2003).

2.   We reject Mother's claim that the DHS did not make reasonable efforts to reunify Mother with TW.   As a result of this court's vacating the Family Court's prior order terminating Mother's parental rights and remanding the case, Mother had over

3

four years from the time TW was first placed into foster custody to make progress and become able to provide TW with a safe family home. However, the record shows that despite the services offered by the DHS, Mother did not make sufficient progress and was not able to provide TW with a safe family home. Mother complains that the DHS did not refer her to parenting classes and anger management/domestic violence classes pursuant to the service plan. However, a DHS social worker explained that the DHS wanted Mother to first address her substance abuse and mental health issues before making such referrals, so that Mother would be able to better understand and benefit from the referrals. We conclude that it was reasonable for the DHS to require Mother to address her substance abuse and mental health issues before referring her for the additional services.

III.

We affirm the "Order Awarding Permanent Custody and Establishing a Permanent Plan," which terminated Mother's parental rights over TW, that was filed by the Family Court on October 18, 2012.

DATED: Honolulu, Hawai'i, July 31, 2013.

On the briefs:

Randal I. Shintani
for Appellant-Mother

Mary Anne Magnier
Jonathan M. Fujiyama
Deputy Attorneys General
for Petitioner-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

4